UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23987-CIV-ALTONAGA/Damian

MARAH WEST,

      Plaintiff,

v.

CONVERGENT OUTSOURCING INC.,

      Defendant.

_____/

ORDER ADMINISTRATIVELY CLOSING CASE

THIS CAUSE came before the Court *sua sponte*.

On October 19, 2023, Plaintiff, Marah West filed a Complaint [ECF No. 1] against Defendant, Convergent Outsourcing Inc., asserting a single violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sections 1681–1681x.  Although Plaintiff indicated on her Civil Cover Sheet [ECF No. 1-1] that no related cases existed, the Court takes judicial notice of a related proceeding styled *West v. I C System Inc.*, No. 23-cv-22552 (S.D. Fla. 2023), filed on July 10, 2023.  In the related action, Plaintiff asserts an identical claim against Convergent Outsourcing. (*Compare* Compl. ¶¶ 8–10, 26–28 (asserting a violation of 15 U.S.C. section 1681b(f) based on an inquiry from Convergent Outsourcing dated December 14, 2022 appearing on Plaintiff's Experian credit report, obtained May 26, 2023)) *with West v. I C Sys. Inc*, No. 23-cv-22552, Complaint [ECF No. 1] ¶¶ 12–15, 32–34, filed July 10, 2023 (S.D. Fla. 2023) (same).

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and

CASE NO. 23-23987-CIV-ALTONAGA/Damian

scheduling." (alteration added; citations omitted)).  Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted).  Relatedly, "a district court has authority as part of its inherent power over its docket administration to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (citations omitted).

Upon review of the docket of the first-filed action, the Court is persuaded the prudent course is to stay this action until the first-filed action is resolved, including through any appeal. The stay should be reasonably brief and is certainly not indefinite.  At bottom, given the impact the district court's rulings in the first-filed action are likely to have on this case, and to conserve the parties' and judicial resources and prevent inconsistent rulings, the most efficient course is to enter a temporary stay of this action.  *See Greene*, 727 F. Supp. 2d at 1367.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      The case is **STAYED** pending resolution of *West v. I C System Inc.*, No. 23-cv-22552 (S.D. Fla. 2023), including through any appeal.

2.      Plaintiff shall provide the Court with status updates regarding the status of the first-filed action every 90 days beginning **February 6, 2024**.

3.      The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties.  Any party may move to reopen the case at the appropriate time.

CASE NO. 23-23987-CIV-ALTONAGA/Damian

**DONE AND ORDERED** in Miami, Florida, this 8th day of November, 2023.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

3