## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## AT MIAMI DIVISION

### CASE NO. 23-23987-CIV-ALTONAGA/Damian

MARAH WEST,

    Plaintiff,

CONVERGENT OUTSOURCING, INC.

    Defendant.

_____/

**DEFENDANT, CONVERGENT OUTSOURCING, INC.'S MOTION TO DISMISS**

    Defendant, Convergent Outsourcing Inc. ("Convergent"), through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Motion to Dismiss for failure to state a claim (the "Motion"), and in support thereof states:

### I.   INTRODUCTION

    Plaintiff, Marah West ("Plaintiff"), alleges Convergent violated § 1681b(f) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by obtaining her consumer report without a permissible purpose. However, a debt collector is permitted to make a credit report inquiry for the permissible purpose of collecting an account. Accordingly, Plaintiff has failed to state a claim under the FCRA, and the Court should dismiss her Complaint with prejudice.

### II.   FACTS AND BACKGROUND

    On October 19, 2023, Plaintiff filed the Complaint. Doc. 1. Plaintiff alleges Convergent, a debt collector, violated § 1681b(f) of the FCRA by obtaining her Experian

consumer report without a permissible purpose. *Id.* at ¶¶ 6, 10, 27(a). Specifically, Plaintiff alleges she reviewed her Experian consumer report on or about May 26, 2023 and observed Convergent's December 14, 2022 unauthorized inquiry. *Id.* at ¶¶ 8–11. Convergent now files the instant Motion to Dismiss for failure to state a claim.

### III.  LAW AND ARGUMENT

#### A.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true. *Iqbal*, 556 U.S. at 677–78. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678.

### B.      Plaintiff fails to state a claim under the FCRA.

Under § 1681b(f), a person shall not use or obtain a consumer report unless it is "obtained for a purpose for which the consumer report is authorized to be furnished under [§ 1681b]." 15 U.S.C. § 1681(f). However, a person is permitted to obtain a consumer report if the person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of*, *the consumer…*" 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Plaintiff alleges Convergent, a debt collector, violated § 1681b(f) of the FCRA by obtaining her consumer report without having a permissible purpose. Doc. 1 at ¶ 27(a). However, this Court and others throughout the country have repeatedly confirmed a debt collector is permitted to make a credit report inquiry for the permissible purpose of collection of an account under § 1681b(a)(3)(A). *See, e.g., Little v. Asset Acceptance, LLC*, 2013 WL 12080760, \*4 (S.D. Fla. Apr. 9, 2013) (court expressly cited § 1681b(a)(3)(A) and ruled a debt collector "acted with a permissible purpose under the FCRA" when it obtained a consumer's credit report to collect a debt); *see also Rumbough v. Experian Information Solutions, Inc.*, 626 Fed.Appx. 224, 226 (11th Cir. 2015) (debt collection "is a permissible use for consumer reports" while citing § 1681b(a)(3)(A)); *Foote v. Continental Service Group*, 2018 WL 3008880, \*2 (M.D. Fla. Jun. 16, 2018) ("the FCRA allows a debt collector to access a consumer's credit report to review a creditor's account to collect a debt."); *Hinkle v. CBE Group*, 2012 WL 681468, \*3 (S.D. Ga. Feb. 3, 2012) ("one of the 'permissible purposes' for obtaining a consumer report under

3

[§1681b(a)(3)(A)] would permit a collection agency retained by a creditor to collect on an account of the consumer"); *Korotki v. Attorney Services Corp. Inc.*, 931 F.Supp. 1269, 1277 (D. Md. Jun. 12, 1996) (FCRA "authorizes a person attempting to collect an account of a consumer to obtain the consumer's credit report").

In *Little*, as here, a consumer alleged a debt collector violated the FRCA when it accessed her credit report. *Little,* 2013 WL 12080760, at *1. The consumer argued the debt collector had no permission to access her consumer report, had never applied to the debt collector for credit, and did not "maintain an account" with the debt collector. *Id.* The court rejected the consumer's arguments and ruled the debt collector's credit report inquiry was for the "permissible purpose" to collect a debt under § 1681b(a)(3)(A). *Id.* at *4. The court further ruled it was immaterial that the consumer never applied to the debt collector for credit or that she does not maintain an account with the debt collector. *Id.* ("'[I]t is not necessary for [the consumer] to have had direct dealings with [the debt collector]' in order for [the debt collector] to lawfully obtain a consumer report").

Here, Plaintiff avers she does not have an "account" with Convergent and never "initiated a consumer credit transaction" with Convergent. Doc. 1 at ¶ 12. However, as in *Little*, it is immaterial whether Plaintiff opened an account *with Convergent* because it is not necessary for the consumer to have had "direct dealings" with the debt collector in order for it to "lawfully obtain a consumer report." *Little*, 2013 WL 12080760, at *4*; see also Hinkle*, 2012 WL 681468, at *3 ("as the Court has repeatedly explained [] it is not necessary for [a consumer] to have had direct dealings with [a debt collector]").

4

Accordingly, Plaintiff's § 1681b(f) claim that Convergent lacked a permissible purpose to obtain a consumer report on her account must be dismissed for failure to state a claim.

## IV. <u>CONCLUSION</u>

Plaintiff has failed to state a claim under the FCRA. Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim.

WHEREFORE, Defendant, Convergent Outsourcing, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Date: December 6, 2023                     Respectfully Submitted,

*/s/ Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq.
Florida Bar No. 119399
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
bstangelo@sessions.legal

*Counsel for Defendant,*
*Convergent Outsourcing, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2023, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to plaintiff via email as follows:

Marah Y. West, Esq.
123 NW 6th Ave
Florida City, FL  33034
marahwest20@icloud.com

*/s/ Bradley J. St. Angelo*
Attorney